UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN VIATOR,

    Plaintiff,

v.                                  CASE No. 8:09-CV-761-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[1] Because the decision of the Commissioner of Social Security fails adequately to address the opinion of plaintiff's treating physician, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was thirty-eight years old at the time of the administrative hearing and who has a high school education (Tr. 604, 606), has worked as a clerical worker (Tr. 94, 609). She filed a claim for

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

supplemental security income payments, alleging that she became disabled due to depression, attention deficit hyperactivity disorder, learning disability, knee and ankle pain, arthritis, back pain, obesity, and thyroid problems (Tr. 82). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of obesity, hypothyroidism, and history of osteoarthritis of the legs and hips (Tr. 19). He concluded that, due to these impairments, the plaintiff had the following restrictions (Tr. 21):

> The claimant retains the residual functional capacity to perform the exertional demands of a wide range of sedentary work, or work which requires maximum occasional lifting of ten pounds, and standing or walking no more than 2 hours per day.
>
> . . .
>
> The claimant's capacity for sedentary [work] is diminished by significant non-exertional limitations which make it difficult to sit or stand for prolonged periods without the opportunity to alternate positions every one to two hours. The claimant is limited to no more than occasional climbing (stairs), balancing, stooping, kneeling, and crouching. Claimant is precluded from crawling, climbing (ladders, scaffolds and ropes) or working at unprotected heights.

The law judge found that these restrictions prevented the plaintiff from returning to past work (Tr. 25). However, based upon the testimony of a vocational expert, the law judge ruled that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as order clerk, call-out operator, and charge account clerk (Tr. 26). Accordingly, the law judge decided that the plaintiff was not disabled (id.).

The plaintiff requested review of that determination and submitted new evidence to the Appeals Council. The Appeals Council denied her request for review, stating that the information does not provide a basis for changing the law judge's decision (Tr. 4). Accordingly, the Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental

impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's first heading states that the law judge "failed to comply with SSR 96-8p in assessing the plaintiff's RFC by misinterpreting the definition of sedentary work" (Doc. 23, p. 5).[2] In connection with this issue, the plaintiff contends that the law judge failed to include in his residual functional capacity determination certain limitations set out by plaintiff's treating physician, Dr. Jimmy Edmond (id., pp. 6, 7).

---

[2] The plaintiff's heading cites to SSR 96-8p, 1996 WL 374184 (S.S.A.), which does not address the definition of sedentary work. In her argument, however, the plaintiff correctly refers to SSR 96-9p, 1996 WL 374185 (S.S.A.), regarding sedentary work (Doc. 23, p. 5).

Dr. Edmond began treating the plaintiff in early November 2006 when she was hospitalized at Spring Hill Hospital (Tr. 285). One week later, on November 14, 2006, Dr. Edmond completed an Obesity Residual Functional Capacity Questionnaire ("Questionnaire"), which opines that the plaintiff suffered from peripheral vascular disease, depression, anxiety, leg edema, and leg ulcers (id.). At that point, the plaintiff weighed over 350 pounds and was five feet, three inches tall (id.).

Dr. Edmond opined in the Questionnaire that the plaintiff, among other things, can sit for four hours in an eight-hour workday for no more than two hours at a time, and that she can stand and walk for four hours in an eight-hour workday for no more than two hours at a time (Tr. 287). Significantly, Dr. Edmond also opined that the plaintiff's legs should be elevated, to an unspecified height, for twenty-five percent of the workday (id.). He indicated further that the plaintiff would be absent from work more than four days per month (Tr. 289).

The law judge said that he gave greater weight to the opinion of Dr. Edmond than to the opinion of a nonexamining reviewing physician (Tr. 24). Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such

-6-

weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). If the law judge decides to disregard the opinion of a treating physician, he must clearly articulate the reasons for doing so. Phillips v. Barnhart, supra.

The plaintiff argues the law judge erred because he failed to evaluate two restrictions that Dr. Edmond articulated in the Questionnaire: (1) the plaintiff must elevate her legs for twenty-five percent of the workday; and (2) the plaintiff would be absent from work more than four days per month (Doc. 23, p. 7). The law judge set forth Dr. Edmond's responses in the Questionnaire in detail (Tr. 24). However, the law judge did not specifically refer to Dr. Edmond's opinions that the plaintiff must elevate her legs for twenty-five percent of the workday and that she would miss more than four days of work per month.

The restriction regarding leg elevation is particularly important in light of Dr. Edmond's finding of leg edema (Tr. 291). This finding echoes other such objective medical findings (Tr. 155, 186), and is consistent with the

plaintiff's testimony regarding leg swelling (Tr. 606, 610, 613). In light of this evidence, the law judge made the following findings (Tr. 24):

> The medical evidence confirms that the claimant's primary impairment is obesity, and that the condition has a limiting effect on her ability to sit or stand for prolonged periods. There is evidence that the obesity causes some shortness of breath and, along with hypothyroidism, recurrent swelling of the lower extremities.

The law judge's finding that the plaintiff has recurrent swelling of the legs certainly seems to explain, and support, Dr. Edmond's opinion that the plaintiff must elevate her legs twenty-five percent of the workday.

Furthermore, the vocational expert testified that, if an individual with the plaintiff's age, education, and residual functional capacity had to elevate her legs for four hours in an eight-hour workday, she could not do any work on a sustained basis (Tr. 616). While no question was asked of the expert about a requirement to elevate the legs twenty-five percent of the workday, the expert's answer to the fifty percent question indicates that the answer to a twenty-five percent question would be the same (id.). In all events, the expert's answer plainly raises a serious issue whether a limitation to elevate the legs twenty-five percent of the workday would render the plaintiff disabled.

In order for the hypothetical question to be valid, the law judge either had to discount properly the treating doctor's opinion regarding the limitation, or include that limitation in the hypothetical question. See Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985). The law judge, however, did neither. Consequently, the law judge either improperly discounted Dr. Edmond's opinion regarding elevation of the legs and failed to explain why, or he accepted that opinion but failed to include it in the hypothetical question. Regardless of which mistake he made, the decision is fundamentally flawed and must be reversed.

The plaintiff on this issue also mentions Dr. Edmond's opinion that the plaintiff is likely to miss more than four days per month due to her impairments (Doc. 23, p. 7). This putative challenge is more problematic. The plaintiff does not develop any argument about it, or cite to any objective medical findings to support it. Further, there was no inquiry of the vocational expert about it. Also, this could arguably fall in the category of an issue reserved to the Commissioner. 20 C.F.R. 416.927(e). In light of the determination that a remand is warranted, it is unnecessary to decide whether this issue would justify reversal.

The plaintiff's second heading is styled as "Commissioner failed to consider new and material evidence at the Appeal Council level indicating that severe mental health impairment was present" (Doc. 23, p. 8). On July 2, 2007, several months after the administrative decision, the plaintiff underwent a psychiatric evaluation by psychiatrist Luis Rodriguez, who opined that the plaintiff has a severe mental impairment (id.). The plaintiff seeks, pursuant to Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), a remand under the sixth sentence of 42 U.S.C. 405(g). However, Falge has been eviscerated by Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir. 2007). Under Ingram, when the Appeals Council considers new evidence and denies review, the district court (assuming the issue has been raised) should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence. Ingram, supra; Tucker v. Astrue, 2008 WL 2811170 (M.D. Fla. 2008). The plaintiff does not mention Ingram or the standard of review it articulated.

In all events, the issue is moot in light of the reversal. On remand, the plaintiff can obtain consideration of the new evidence.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED and the matter is REMANDED to the Commissioner for further proceedings. The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 25th day of March, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE