UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN VIATOR,

    Plaintiff,

v.                                      CASE No. 8:09-CV-761-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Motion for Attorneys' Fees (Doc. 27) filed by counsel for the plaintiff on June 24, 2010. Having considered the application and the pertinent factors regarding an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $3,229.14 in fees to be paid by the defendant.

The applicants represented the plaintiff in this action seeking review of a denial of her claim for supplemental security income payments. This matter was reversed and remanded to the Social Security Administration by order of this court dated March 25, 2010 (Doc. 25). Judgment was

therefore entered in favor of the plaintiff (Doc. 26). The plaintiff then filed this application for attorneys' fees under the EAJA and requested that the fees be paid directly to her attorney (Doc. 27). The Commissioner filed an opposition to the plaintiff's request that any attorneys' fee awarded under the EAJA be payable directly to counsel (Doc. 28). He contends that the Supreme Court in <u>Astrue</u> v. <u>Ratliff</u>, ___ U.S. ___, 130 S.Ct. 2521 (2010), "implicitly approved the Commissioner's current practice of issuing payment directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and assigns the right to such fees to the attorney" (Doc. 28, p. 2). Further, the Commissioner claims that the plaintiff's assignment is not valid under the Anti-Assignment Act and, therefore, requests that any award of attorneys' fees be payable directly to the plaintiff (<u>id.</u>, p. 4).

The plaintiff was provided an opportunity to file a reply to the Commissioner's opposition (Doc. 29). Rather than address the merits of the defendant's position, the plaintiff states that she does not object to an award of fees payable directly to her (Doc. 30). Accordingly, the award of attorneys' fees shall be paid to the plaintiff by the defendant.

The EAJA requires a court to award attorneys' fees and costs to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorneys' fees in the amount of $3,229.14 (Doc. 27). This amount represents 5.05 hours of service before the court in 2009 and 2010 at an hourly rate of $169.51 by attorney Michael Steinberg and 14.0 hours of service in 2009 at an hourly rate of $169.51 by attorney Fernando V. Narvaez (Doc. 27-1).[1]

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, no special circumstance exists which would make an award of attorneys' fees unjust. Accordingly, the award of attorneys' fees to the plaintiff in this case is appropriate under the EAJA.

The claim of 18.05 hours for services performed in this case and one hour for preparing the fee petition appears reasonable. Importantly, the defendant has not challenged that claim.

---

[1] In his memo, plaintiff's counsel, Michael Steinberg, states, incorrectly, that the fees requested reflect work he performed in 2009 (Doc. 27, p. 2). However, attached to his motion is an itemization of hours form, which clarifies that he performed services in this case in 2009 and 2010 (Doc. 27-1).

As for counsels' hourly rate, the applicants assert that a cost of living adjustment merits raising the hourly rate from the statutory amount of $125.00 per hour to $169.51 per hour for work performed in 2009 (Doc. 27, p. 2).[2] In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here (Doc. 28). Accordingly, the 19.05 hours of work performed in 2009 and 2010 will be calculated at a rate of $169.51, for a total of $3,229.14.[3]

For the foregoing reasons, the Plaintiff's Motion for Attorneys' Fees (Doc. 27) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of **$3,229.14** in attorneys' fees be paid to the plaintiff by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 26th day of July, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[2] The plaintiff does not provide a cost of living calculation for 2010 (Doc. 27, p. 2).

[3] The plaintiff requests attorneys' fees in the amount of $3,229.14. However, 19.05 hours multiplied by $169.51 is $3,229.17.